UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AMAL BAKHRONOV,

          Petitioner,

    v.

WARDEN, GOLDEN STATE ANNEX, *et al.*,

          Respondents.

Case No. 1:26-cv-04342-NW

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND GRANTING MOTION TO DISMISS**

Re: ECF Nos. 3, 7

Before the Court is Petitioner Amal Bakhronov's motion for a temporary restraining order ("TRO") and Respondent's motion to dismiss the instant habeas petition. ECF Nos. 3, 7. For the reasons stated herein, the Court DENIES the TRO and GRANTS Respondents' motion to dismiss.

## I.     BACKGROUND

Petitioner is an immigration detainee and seeks his release from custody pending his removal proceedings. On April 20, 2026, Immigration and Customs Enforcement ("ICE") took Petitioner into custody following an allegedly routine traffic stop in San Angelo, Texas. ECF No. 1 ¶ 31. On or around May 19, 2026, Petitioner was transferred from a detention facility in Texas to the Golden State Annex in McFarland, California. *Id*. ¶ 32.

Since being taken into ICE custody, Petitioner has filed two petitions for writ of habeas corpus seeking release. On May 11, 2026, Petitioner filed a pro se petition in the Northern District of Texas. *See Bakhronov v. Eden Detention Center* ("*Bakhronov I*"), No. 6:26-CV-00203-H, ECF No. 1. That petition is part way through briefing: Respondents filed a response on June 1, 2026, and Petitioner's reply was due on June 22, 2026. *Bakhronov I* at ECF Nos. 5, 8. On June 2, 2026, Petitioner moved to transfer venue of the *Bakhronov I* action from the Northern District of Texas to the Eastern District of California. *Bakhronov I* at ECF No. 7. The Northern District of Texas

Court denied that motion on June 5, 2026, holding that it would retain jurisdiction over the petition. *Bakhronov I* at ECF No. 8.

Petitioner filed the instant petition and TRO in this court shortly thereafter on June 8, 2026. *See* ECF No. 1 ("*Bakhronov II*").  In this second action, Petitioner alleges that his continued detention violates the Due Process Clause of the Firth Amendment and the Administrative Procedure Act.  *Bakhronov II* ¶¶ 51–62.  The second petition and TRO did not indicate that Petitioner had another habeas action pending in the Northern District of Texas.

On June 8, 2026, the Court issued an order to show cause directing Respondents to indicate why the Court should not grant the TRO considering certain precedent within the Ninth Circuit. ECF No. 6.  In lieu of a response, Respondents filed a motion to dismiss informing the Court that another petition was pending and requesting that the court either dismiss or transfer this second filed action per the first-to-file rule.  *See* ECF No. 7 at 3.  Petitioner filed a reply on June 10, 2026. *See* ECF No. 8.

## II.   LEGAL STANDARD

Under *Winter*, a plaintiff seeking a TRO must establish: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).).  Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the *Winter* standard," *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (cleaned up), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another."  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

## III.   DISCUSSION

The Court need not reach the *Winter* factors or the merits of the underlying habeas petition because Petitioner has not shown why this Court, as opposed to the Northern District of Texas— where Petitioner filed his first and still-pending habeas petition—is not the proper Court to

United States District Court
Eastern District of California

consider his emergency motion.  For one, the Northern District of Texas retained jurisdiction over the first in time petition, as was reflected in the Texas court's order denying Petitioner's motion to transfer venue.  *See Bakhronov I* at ECF No. 8.  Numerous district courts have recently retained jurisdiction over a habeas petition notwithstanding a petitioner's transfer out of the district.  *See, e.g.*, *Acosta v. Doerer*, No. 5:24-CV-01630-SPG-SSC, 2024 WL 4800878, at *4 (C.D. Cal. Oct. 24, 2024) (following caselaw in holding that the district court maintained jurisdiction even after petitioner, an immigration detainee, was transferred from one federal facility to another); *Singh v. U.S. Immigr. & Customs Enf't Field Off. Dir.*, No. 2:24-CV-00705-RSL-TLF, 2025 WL 746295, at *8 (W.D. Wash. Feb. 14, 2025), R. & R. adopted, 2025 WL 745629 (W.D. Wash. Mar. 7, 2025); *Khalil v. Joyce*, No. 25-CV-01963-MEF-MAH, 2025 WL 972959, at *21 (D.N.J. Apr. 1, 2025) ("[A] court keeps power over a habeas case, even after the petitioner-detainee may have been transferred out of the court's territory."); *Rincon-Corrales v. Noem*, No. 2:25-CV-00801-APG-DJA, 2025 WL 1342851, at *2 (D. Nev. May 8, 2025) ("[O]nce a petitioner has properly filed a habeas petition in the district of confinement, any subsequent transfer does not strip the filing district of habeas jurisdiction.").  Petitioner has made no argument suggesting that the Northern District of Texas cannot award the relief he seeks in the instant TRO and petition.

Second, the current record demonstrates that dismissal of the present petition is warranted. Under the first-to-file rule, when two qualifying cases are filed in different districts, "the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy."  *In re Bozic*, 888 F.3d 1048, 1051-52 (9th Cir. 2018) (quoting *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997)).  District courts consider "three threshold factors in deciding whether to apply the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues."  *Krikorian v. Post Consumer Brands, LLC*, No. CV 25-2122-JFW (JRPx), 2025 WL 2092825, at *2 (C.D. Cal. June 25, 2025) (citations omitted).  Here, Respondents argued that the parties and claims in both actions are sufficiently similar to justify application of the first-to-file rule: the respondents in both matters are nearly identical, and both petitions seek release from confinement on similar claims. Petitioner did not challenge these contentions in his response.  As such, the first-to-file rule further

*United States District Court*
*Eastern District of California*

counsels both denial of the TRO and granting the motion to dismiss.

Despite Petitioner's transfer to California, it is undisputed that Petitioner filed his first habeas petition in the Northern District of Texas, and that the Texas court has retained jurisdiction to hear his case.  Because the TRO and petition before this Court seemingly seek the same relief as the petition pending before the Northern District of Texas, this Court sees no reason to deviate from the first-to-file rule and potentially issue a conflicting ruling by deciding the instant TRO, and then petition, while the first habeas petition is pending.

**IV.    CONCLUSION**

For the foregoing reasons, the TRO is DENIED and motion to dismiss is GRANTED. The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: June 24, 2026

Noël Wise
United States District Judge

United States District Court
Eastern District of California

4